FILED
2009 Mar-15 PM 03:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| FRANKLIN EATON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) |
| NCO FINANCIAL SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT, NCO FINANCIAL SYSTEMS, INC.'S, NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, NCO Financial Systems, Inc. ("NCO"), hereby removes the above-captioned civil action from the Circuit Court of Tuscaloosa County, Alabama, to the United States District Court for the Northern District of Alabama, Western Division. The removal of this civil case is proper because:

1. Defendant is the only defendant in this civil action in the Circuit Court of Tuscaloosa County, Alabama, titled *Franklin Eaton, Jr. v. NCO Financial Systems, Inc.* (hereinafter, the "State Court Action").

2. Defendant removes this case on the basis of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Telephone Consumer

Protection Act, 47 U.S.C. § 227 ("TCPA"), as the Plaintiff's Complaint claims relief based on abusive practices in violation of federal law.

3. Attached hereto as **Exhibit "A"** and incorporated by reference as part of the Notice of Removal are true and correct copies of the process and pleadings in the State Court Action. No further proceedings have taken place in the State Court Action.

4. A copy of this Notice of Removal is being served upon Plaintiff and filed concurrently with the Clerk of the Circuit Court of Tuscaloosa County, Alabama.

WHEREFORE, Defendant hereby removes to this Court the State Court Action.

Respectfully submitted,

/s/ Laura C. Nettles
Laura C. Nettles, Esq. (ASB 5805-S63L)
Attorney for Defendant,
NCO Financial Systems, Inc.

**OF COUNSEL:**

LLOYD, GRAY & WHITEHEAD, P.C.
2501 20th Place South, Suite 300
Birmingham, AL 35223
Telephone: (205) 967-8822
Facsimile: (205) 967-2380
lnettles@lgwpc.com

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of **March, 2009**, I mailed the foregoing via U.S. Mail, properly addressed and postage pre-paid to the following:

John G. Watts, Esq.
Watts Law Group, P.C.
700 29th Street South
Suite 201
Birmingham, Alabama 35233

M. Stan Herring, Esq.
M. Stan Herring, P.C.
700 29th Street South
Suite 201
Birmingham, Alabama 35233

OF COUNSEL

# EXHIBIT A

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | **SUMMONS**<br>- CIVIL - | **Case Number:**<br>63-CV-2009-900115.00 |
|---|---|---|

## IN THE CIVIL COURT OF TUSCALOOSA, ALABAMA
## FRANKLIN EATON JR. v. NCO FINANCIAL SYSTEMS, INC.

**NOTICE TO** NCO FINANCIAL SYSTEMS, INC., C/O CORPORATION COMPANY 2000 INTERSTATE PK DR#204, MONTGOMERY AL, 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 700 29th Street South, Suite 201, BIRMINGHAM AL, 35233

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   FRANKLIN EATON JR.
pursuant to the Alabama Rules of the Civil Procedure

| 2/23/2009 7:40:53 PM | /s MAGARIA HAMNER BOBO | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s JOHN GRIFFIN WATTS |
|---|---|
| | Plaintiff's/Attorney's Signature |

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____   _____
Date                         Server's Signature

ELECTRONICALLY FILED
2/23/2009 7:40 PM
CV-2009-900115.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

FRANKLIN EATON, Jr., an individual,  )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )   Civil Action No.:
                                     )
NCO FINANCIAL SYSTEMS, INC.,         )
a Corporation,                       )
                                     )
        Defendant.                   )

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendant states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA[1]") and out of the invasions of Plaintiff's personal and financial privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

## PARTIES

2. Plaintiff Franklin Eaton, Jr., (hereinafter "Plaintiff") is a natural person who is a resident of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3. Defendant NCO Financial Systems, Inc., ("Defendant" or "NCO") is a foreign debt collection firm that engages in the business of debt collection. It conducts business in Alabama. Its principal place of business is the State of Pennsylvania and it is incorporated in Pennsylvania.

---

[1] Any reference to the FDCPA or the TCPA includes all applicable subsections whether explicitly stated or not.

-1-

4. The individual collectors' true names are unknown but they will be added by amendment when determined through discovery.

### FACTUAL ALLEGATIONS

5. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

6. Defendant purchased or was assigned the debt and began harassing collection activities against Plaintiff.

7. Defendant made a large number of harassing and repeated phone calls to Plaintiff's cell phone.

8. Defendant refused on multiple occasions to give the mini-miranda as required when leaving voicemails in its efforts to collecting the debt.

9. Defendant also illegally used an autodialer to make pre-recorded calls to Plaintiff's cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA).

10. Plaintiff even told NCO via certified letter that it had no permission to use an autodialer to call his cell phone, but NCO has continued to do so.

11. The harassing and repeated phone calls have been made in the last twelve months and in particular many have occurred in January and February 2009.

12. Defendant knowingly made illegal third party disclosures to Plaintiff's father after being told by Plaintiff's father that he was not the Plaintiff. The calls continued to Plaintiff's father.

13. This misconduct is specifically condemned in the FDCPA due to the severe harm it causes.

14. This was very distressing and upsetting to the Plaintiff.

## SUMMARY

15. All of the above-described collection communications made to Plaintiff by Defendant and collection agents of Defendant were made in violation of the FDCPA and TCPA.

16. The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiff.

17. This series of abusive collection calls by Defendant and its agents caused Plaintiff stress and anguish as a result of these abusive calls.

18. Defendant's repeated attempts to collect this debt from Plaintiff and refusal to stop violating the law was an invasion of Plaintiff's privacy and his right to be left alone.

19. Plaintiff has suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## RESPONDEAT SUPERIOR LIABILITY

20. The acts and omissions of Defendant's agents who communicated with Plaintiff as more further described herein, were committed within the line and scope of their agency relationship with their principal the Defendant.

21. The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

22. By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal the Defendant.

23. Defendant is therefore liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

24. Defendant negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff.

27. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### (47 U.S.C. § 227)

28. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

29. Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers (or "predictive dialers") that have been unleashed against Plaintiff by Defendant.

30. There is no exception or justification for the numerous violations of the TCPA by Defendant as Plaintiff has not consented to the Defendant to use auto dialers against his cell phone.

31. Each call is a separate violation and entitles Plaintiff to statutory damages against Defendant in the amount of at least $500.00 per call and Plaintiff requests that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

32. All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.

33. All of the violations of the TCPA proximately caused the injuries and damages set forth in this Complaint.

## COUNT III.

### NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

34. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

35. Defendant negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT IV.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

36. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

37. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant violated Alabama state law as described in this Complaint.

38. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individnal privacy**.

15 U.S.C. § 1692(a) (emphasis added).

39. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a

broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

40. Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

41. Defendant also intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by making illegal contact about this debt to third parties, and thereby invaded Plaintiff's right to financial privacy.

42. Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

43. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

44. The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

45. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

46. All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for $49,000.00 total:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

### COUNT II.

### TCPA

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent TCPA violations in an amount to be determined at trial for Plaintiff;

- statutory damages of $500.00 or $1,500.00 per call; and

- for such other and further relief as may be just and proper.

## COUNT III.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent hiring and supervision of incompetent debt collectors in an amount to be determined at trial for Plaintiff;

- punitive damage; and

- for such other and further relief as may be just and proper.

## COUNT IV

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

- punitive damage; and

- for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
Attorney for Plaintiff

**OF COUNSEL:**
Watts Law Group, PC
700 29th Street South, Suite 201
Birmingham, Alabama 35233
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring (HER037)**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
700 29th Street South, Suite 201
Birmingham, Alabama 35233
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

-11-

**Serve defendant via certified mail at the following addresses:**

NCO Financial Systems, Inc.
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109